UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THEODORE M. COX, ) | Civil Action No.: 4:15-cv-3265-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

## I. RELEVANT BACKGROUND

### A.     Procedural History

Plaintiff filed an application for DIB on July 27, 2010, alleging inability to work since July 7, 2010. (Tr. 136-42, 210). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on September 14, 2012, at which time the Plaintiff and a vocational expert (VE) testified. (Tr. 37-60). The Administrative Law Judge

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(ALJ) issued an unfavorable decision on December 6, 2012, finding that Plaintiff was not disabled within the meaning of the Act. (Tr.17-34). Although the Appeals Council denied review on June 21, 2013, this Court reversed the Commissioner's final decision and remanded for further administrative action in an Order dated September 17, 2014. (Tr. 1-4, 716-42). On remand, the ALJ again issued an unfavorable decision, dated June 15, 2015. (Tr. 633-47). Plaintiff requested review of the ALJ's hearing decision, but the Appeals Council stated it "found no reason under [its] rules to assume jurisdiction" in a letter dated November 9, 2015. (Tr. 625-28). This appeal followed on August 17, 2015.

**B.     Plaintiff's Background**

Plaintiff was born on January 9, 1966, and was 49 years old at the time of the alleged onset. (Tr. 103). Plaintiff completed his education through high school and has past relevant work experience as an electrician. (Tr. 41-42).

**C.     The ALJ's Decision**

In the decision of June 15, 2015, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2014.

2.  The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 7, 2010 through his date last insured of December 31, 2014 (20 CFR 404.1571 et seq.).

3.  Through the date last insured, the claimant had the following severe impairments: status post cervical surgeries and left shoulder surgery, degenerative disc disease, migraine headaches, sensorineural hearing loss, vertigo, seizures, plantar fascial fibisromas, ulnar nerve entrapment, and depression (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant cannot climb, crawl, or balance. The claimant can perform no more than frequent fingering with the non-dominant arm and hand. The claimant cannot perform overhead reaching with the non-dominant arm. The claimant can sit and stand at will, exercised once each work hour for no more than 5 minutes without leaving the workstation. The claimant cannot have exposure to industrial hazards. The claimant can perform work in a low stress setting with no more than occasional decision making or changes in the work setting, and no interaction with the general public.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 9, 1966, and was 48 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, from July 7, 2010, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 635-46).

## II. DISCUSSION

The Plaintiff argues that the ALJ erred in his decision, and that reversal and remand are appropriate in this case. Specifically, Plaintiff raises the following issues in his brief, quoted verbatim:

> I. The ALJ erroneously characterized "the opinion of Dr. Weissglass" as "one typically reserved to the Commissioner" rather than as a medical opinion, failed to properly evaluate the opinions from this source, and failed even to specify the weight assigned to them as required.
>
> II. The ALJ's evaluation of Mr. Cox's subjective complaints and credibility is deeply flawed and cannot be sustained.
>
> III. Despite contending in the most recent decision that Mr. Cox's migraine headaches are a severe impairment, the ALJ failed to meaningfully evaluate or account for the impact of these debilitating headaches on his RFC.
>
> IV. The ALJ did not carry the Commissioner's burden at step five of the sequential evaluation process.

(Plaintiff's brief).

The Commissioner argues that the ALJ's decision is supported by substantial evidence.

### A.     LEGAL FRAMEWORK

#### 1.     The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. See, e.g., Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five

---

[2]The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); see Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3]In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d) (5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir.2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir.1981); see generally Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (regarding burdens of proof).

  2.  **The Court's Standard of Review**

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope

of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. See id.; Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Walls, 296 F.3d at 290 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." Vitek v. Finch, 438 F.2d 1157, 1157–58 (4th Cir.1971); see Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir.1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390, 401; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. See Vitek, 438 F.2d at 1157–58; see also Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).

**B.     ANALYSIS**

**Medical Opinions**

Plaintiff argues that the ALJ failed to properly evaluate the opinion of Dr. Weissglass. He argues that the ALJ erroneously characterized the opinion as one typically reserved to the Commissioner and that he failed to specify the weight given to the opinion.

In his second hearing decision, during his recitation of the medical records, the ALJ discussed the examination done by Dr. Weissglass:

> In October 2012, Barry Weissglass, M.D., examined the claimant (Exhibit 25F). Upon examination, the claimant generally had normal findings, including normal findings in his left ear, normal motor findings, no spasm in his back, normal vascular findings, no neck spasm, and normal extremity findings, despite a slight antalgic gait, poor light reflex in the right ear, and tenderness in his lumbar spine.

(Tr. 641). Later in the decision, the ALJ addressed Dr. Weissglass's opinion as follows:

> The opinion of Dr. Weissglass is one typically reserved to the Commissioner, and is not consistent with the claimant's wide range of activities of daily living, his overall treatment records showing controlled symptomology with treatment and medication, his generally normal examination findings upon examination as evidenced in his treatment records, and the lack of any severe abnormal findings in his neck or back subsequent to his re-fusion surgery and instead improvement in pain symptoms thereafter (Exhibit 25). Moreover, Dr. Weissglass is not a treating physician, and instead examined the claimant on only one occasion.

(Tr. 643). The ALJ did not set forth Dr. Weissglass's actual opinions or assign a weight to those opinions.

The Social Security Administration's regulations provide that "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of" the claimant's impairment(s), including the claimant's "symptoms, diagnosis or prognosis, what [he or she] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). However, the ultimate decision on whether a claimant meets the statutory definition for disability is an administrative decision that is always reserved to the Commissioner. See Morgan v. Barnhart, 142 Fed. Appx. 716, 721–722 (4th Cir.2005) (distinguishing between medical opinions and legal conclusions by

physicians that claimant is unable to work or disabled, finding the latter are matters reserved to the Commissioner and are not entitled to heightened evidentiary value); 20 C.F.R. §§ 404.1527(e) and 416.927(e).

On October 25, 2012, board-certified occupational medicine specialist Barry Weissglass, M.D., conducted an independent medical evaluation and supplied a thorough, narrative report (Tr. 608-13) and Treating Physician's Statement form. (Tr. 614-22). While he did include a final assessment that "the combination of impairments from his multiple orthopedic and medical problems are such that, to a medical certainty, he could not pursue gainful employment," (Tr. 613), Dr. Weissglass also included opinions regarding Plaintiff's functional limitations. Dr. Weissglass opined that Plaintiff "should avoid activities that require repetitive use of the back [or neck] muscles, holding the back [or neck] steady in one position for long periods of time" or prolonged sitting or standing. (Tr. 613). He opined that Plaintiff "should alternate positions frequently." Id. He described Plaintiff as limited in his ability to use his shoulder, elbow, and hands. Id. Dr. Weissglass further opined that Plaintiff could sit less than two hours in an eight hour workday, would need to change positions every 15-20 minutes, and would require unscheduled breaks every 30-45 minutes. (Tr. 617). He found Plaintiff was limited to occasional use (defined as up to 1/3 of an 8-hour workday) of the left hand for handling (gross manipulation); was limited to occasional fingering (fine manipulation) bilaterally; had a 50% or more limitation in the ability to concentrate, remain alert, think clearly, or otherwise attend to work tasks due to pain, fatigue, sleepiness, dizziness, nausea, lightheadedness, and the side effects of prescription medications; and would be expected to be absent from work four or more days per month due to episodes of increased symptoms and/or the need to attend frequent medical appointments. (Tr. 616-22). Therefore, given

the numerous functional limitations discussed by Dr. Weissglass, the ALJ erred in stating that "the opinion of Dr. Weissglass is one typically reserved to the Commissioner." (Tr. 643).

In addition, presumably because he dismissed Dr. Weissglass's opinion as one reserved for the Commissioner, the ALJ failed to assign a weight to the opinion. An ALJ is required to assign weight to every medical opinion in a claimant's record. 20 C.F.R. §§ 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). A court "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). A failure to do so requires remand. Id. at 235-36 ("Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'"); see also Barker-Evans v. Commissioner, No. 8:11-cv-01251-DCN, 2013 WL 3208315 (D.S.C. June 24, 2013) (noting that the ALJ's failure to assign a specific weight to a medical opinion "transcends one of inadequate explanation").[4]

This matter is remanded for proper analysis of Dr. Weissglass's opinion consistent with the above.

**Credibility**

The ALJ should also reevaluate Plaintiff's credibility. Under Craig v. Chater, 76 F.3d 585,

---

[4]The court notes that, even though the ALJ assigned weight to the other opinions in the record, as with Dr. Weissglass's opinion, he did not actually identify what those opinions were.

591–96 (4th Cir.1996), subjective complaints of pain are evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Not until such underlying impairment is deemed established does the fact-finder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints. See also 20 C.F.R. § 404.1529(b); Social Security Ruling (SSR) 96–7p, 61 Fed.Reg. 34483–01, 34484–85.

The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but he must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir.1989) (quoting Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir.1984)). "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. Furthermore, as stated above, when conflicting evidence is presented, it is up to the ALJ to resolve those inconsistencies. Hays v. Sullivan, 907 F.2d, 1453, 1456 (4th Cir.1990). It is not the responsibility of this court to determine the weight of the evidence. Id.

> In discussing Plaintiff's activities of daily living, the ALJ states that Plaintiff's
>
> allegations as to being disabled physically and mentally are belied by his activities of daily living, namely his ability to go for walks and perform light housework, such as the dishes and dusting (Exhibits 3E; 9E; 11E). He has no problem with personal care, such as dressing, bathing, caring for his hair, shaving, feeding his self [sic], or using the toilet. He is able to read, go to sports events, fish and play

> softball with his children despite some limitation in enjoyment in these activities due to physical pain rather than mental symptoms (Exhibit 3E). He goes to church, he talks to friends and family on the phone once or twice a day, and he is able to go grocery shopping one [sic] a week in public (Exhibit 11E).

(Tr. 644).

In finding Plaintiff not credible, the ALJ relied, in part, on a 2010 Function Report (Tr. 218-25) and failed to acknowledge Plaintiff's more recent testimony. Plaintiff testified that lifting a gallon of milk caused pain his chest and neck, and he must avoid looking down for these same reasons. (Tr. 48-49). He has difficulty buttoning shirts. (Tr. 49). Walking distances is difficult due to his foot tumors and dizziness. (Tr. 51). Sitting in ordinary chairs is also difficult, so Plaintiff uses a couch at his home and props up his feet. (Tr. 51-52). He is neither legally nor medically permitted to drive. (Tr. 52). His activities of daily living included watching television and making sandwiches, whereas his teenage daughter, neighbor, and friends generally did the house and yard work. (Tr. 52-53). He used to enjoy reading, but it had become difficult for him to read the newspaper due to weak vision and headaches. (Tr. 53). Even the ALJ's reliance on the earlier, 2010 report is selective and does not fully describe Plaintiff's activities as reported by him. Plaintiff noted that his daughters were taking care of the dogs and cooking dinner, and that he could no longer "cut the grass, clean house," or engage in other activities he once did. (Tr. 218-219). He could only do light dusting and put dishes away for brief periods. (Tr. 220). "[W]hile the ALJ does not have to discuss every piece of evidence, the ALJ cannot cherry-pick the evidence that supports his decision to the exclusion of evidence favorable to the claimant." Dowell v. Colvin, No. 1:12-cv-1006, 2015 WL 1524767, *4 (M.D.N.C. Apr. 2, 2015). The ALJ is obligated to consider all evidence, not just that which is helpful to his decision. Gordon v.

Schweiker, 725 F.2d 231, 235-36 (4th Cir.1984) and Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir.1987)). Thus, on remand, the ALJ should reevaluate Plaintiff's credibility with a full consideration of Plaintiff's activities of daily living.[5]

**Migraine Headaches**

Although the ALJ found that Plaintiff suffered from the severe impairment of migraine headaches (Tr. 635), other than a finding that the migraine headaches did not meet a listing (Tr. 636) and a conclusory statement that Plaintiff received only conservative treatment for his migraine headaches (Tr. 640), the ALJ does not discuss these headaches or their impact on Plaintiff's ability to engage in sustained work activities. An ALJ's RFC evaluation must "'include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g., daily activities, observations)'" and the ALJ is required to "discuss the claimant's ability to 'perform sustained work activities in an ordinary work setting' on a regular work schedule." Flynn v. Colvin, Case No. 5:13-cv-00597-DCN, 2014 WL 4199054, at *8-*9 (D.S.C. Aug. 20, 2014) (quoting SSR 96-8p, 1996 WL 374184 (S.S.A. 1996)). Further, "'the combined impact of [multiple] impairments shall be considered throughout the disability determination process,' and 20 C.F.R. § 416.923 (1989) promises that 'we will consider the combined effect of all your impairments.'" Sullivan v. Zebley, 493 US 521, 535 n.16 (1990); see 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G). On remand, the ALJ should include a discussion of Plaintiff's migraine headaches to the extent

---

[5]Although not discussed herein, it is noted that Plaintiff also alleges that the ALJ erred in his credibility analysis with respect to improvement, hearing, dizziness, and nausea, and conservative nature of treatment. The ALJ should take these arguments into consideration as well.

allowed by the record.

**Vocational Evidence**

Finally, to the extent the ALJ's consideration of the opinion of Dr. Weissglass, Plaintiff's crediblity, and Plaintiff's migraine headaches, results in a new RFC, the vocational analysis will necessarily be different. Therefore, it is unnecessary to address this allegation of error.

### III.  CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), it is **ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **REMANDED** to the Commissioner for further administrative action as set forth above.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 16, 2017  
Florence, South Carolina