UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THEODORE M. COX, | ) |
| | ) C/A No.: 4:15-cv-3265-TER |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| NANCY A. BERRYHILL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court upon motion of Plaintiff's counsel for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). See 28 U.S.C. §2412. The Commissioner filed a response indicating that she has no objection to the requested amount of fees.

Upon review of the material submitted to the court and finding the fees to be reasonable, the Plaintiff's Motion for Attorney's Fees (ECF No. 31) is **GRANTED** as outlined herein. The Commissioner shall pay the Plaintiff attorney's fees in the amount of $ 6,400.00. Payment of the fees noted herein shall constitute a complete release from and bar to any and all claims plaintiff may have relating to EAJA fees in connection with this action. This award is without prejudice to the right of Plaintiff to seek attorney fees under Section 406(b) of the Social Security Act, subject to the offset provisions of the EAJA.

Pursuant to Astrue v. Ratliff, 560 U.S. 586, 596-98 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff

has assigned his right to EAJA fees to his attorney[1]; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 1, 2017
Florence, South Carolina

---

[1] As evidenced by the Attorney Fee Agreement signed by Plaintiff, Plaintiff has agreed to assign to his attorney "all attorney's fees and expenses awarded by the federal court under EAJA. If the United States government sends a check for EAJA attorney's fees and costs to attorney, made payable to Claimant, Claimant agrees to endorse the check with a reasonable period of time after a request by Attorney to do so, and Claimant hereby authorizes Attorney to deposit the endorsed check in Attorney's operating account." See Attorney Fee Agreement (Ex. to Pl. Motion).

2